1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GRACE ALBANESE,                                )
                                               )
                Plaintiff,                     )          Case No. 2:17-CV-01573-JCM-GWF
                                               )
vs.                                            )          **REPORT AND**
                                               )          **RECOMMENDATION**
                                               )
LAS VEGAS METROPOLITAN POLICE                  )          Application to Proceed *in Forma*
DEPARTMENT,                                    )          *Pauperis* (#1) and Screening of
                                               )          Complaint (#1-1)
                Defendant.                     )
_____)

     This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on June 5, 2017.

## I.     IN FORMA PAUPERIS APPLICATION

     Plaintiff is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)

(collecting cases).  A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).  A complaint that "merely repeats pending or previously litigated claims" is frivolous.  *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992); *Martinez v. Bureau of Immigration & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009).

Since March 2016, Ms. Albanese has filed 45 federal cases in the District of Nevada, 24 of which are currently ongoing and 10 of which are pending before the undersigned magistrate judge.[1] In all, she has sued the Las Vegas Metropolitan Police Department ("LVMPD") 30 times in just over a year.  Most of Ms. Albanese's actions assert the same or very similar allegations: various persons stalk or spy on Ms. Albanese in her bedroom and when she travels around Las Vegas,

---

[1] See *Albanese v. Fed. Bureau of Investigations*, 2:16–cv–00529–KJD–NJK; *Albanese v. Transp. Security Admin.*, 2:16–cv–00530–GMN–CWH; *Albanese v. Homeland Security*, 2:16–cv–00531–RFB–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:16–cv–00532–RFB–GWF; *Albanese v. Regional Transp. Comm'n of So. Nev.*, 2:16–cv–01882–APG–PAL; *Albanese v. Las Vegas Metro Police Dep't*, 2:17–cv–00577–GMN–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01087–GMN–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01284–MMD–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01285–JCM–VCF, appeal docketed, No. 17–16127 (9th Cir. May 31, 2017); *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01286–JAD–PAL; *Albanese v. Dep't of Homeland Security*, 2:17–cv–01287–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01520–JAD–CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01544–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01573–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01574–RFB–PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01599–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01600–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01613-APG-PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01614–JAD–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01633–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01634–RFB–CWH; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01635–JAD–CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01640–MMD–VCF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01641–JAD–GWF; *Albanese v. Homeland Security*, 2:17–cv–01642–RFB–GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01662–JAD–NJK; *Albanese v. Homeland Security*, 2:17–cv–01663–JCM–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01664–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01735–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01780–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01782–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01795–JAD–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01807–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01808–APG–GWF; *Albanese v. Las Vegas Metro Police Dep't*, 2:17–cv–01832–KJD–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01852–JCM–GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01871–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01872–RFB–VCF; *Albanese v. Homeland Security*, 2:17–cv–01874–RFB–VCF; *Albanese v. Las Vegas Metro Police Dep't*, 2:17–cv–01896–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01903–MMD–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01904–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01972–JAD–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01973–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01974–JAD–PAL.

sometimes using listening devices or hacking into her phone, but federal and state law enforcement officers ignore her requests for help and refuse to investigate or arrest the wrongdoers. She asserts similar legal claims in all her cases pursuant to 42 U.S.C. § 1983: violations of her due process, equal protection, and free speech rights, obstruction of justice, defamation, public corruption, and conspiracy.

Upon the recommendation made by Magistrate Judge Ferenbach, District Judge Dorsey declared Ms. Albanese a vexatious litigant. *See Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01599–JAD–VCF, July 27, 2017 Order (ECF No. 7). Therefore, Ms. Albanese is no longer allowed to file a new complaint, petition, or other action in this court without first obtaining leave from the Chief Judge of this court. *See id.*

## II.  SCREENING THE COMPLAINT

### A.  Legal Standard

Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). Allegations in a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, pro se litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be characterized as malicious "when it is 'filed with the intention or desire to harm another'." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Denton*, 504 U.S. at 32; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (e.g., claims against

1  defendants who are immune from suit or claims of infringement of a legal interest that clearly does

2  not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional

3  scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991);

4  *Andrews*, 398 F.3d at 1121.  In determining whether a complaint is frivolous and therefore warrants

5  complete or partial dismissal, a court is not bound "to accept without question the truth of the

6  plaintiff's allegations."  *Denton*, 504 U.S. at 32.  A complaint may be dismissed as frivolous if it

7  "merely repeats pending or previously litigated claims." *Cato*, 70 F.3d at 1105 n.2 (citation

8  omitted); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may

9  dismiss a duplicative complaint raising issues directly related to issues in another pending action

10  brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.

11  2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same

12  subject matter at the same time in the same court and against the same defendant."), overruled in

13  part on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*,

14  121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous

15  or malicious).

16         **B.**    **Ms. Albanese's Duplicative Factual Allegations and Claims for Relief**

17        Upon review of Plaintiff's instant complaint, the Court finds that Plaintiff's claims are

18  sufficiently frivolous to warrant dismissal on the merits.

19        Plaintiff's instant complaint alleges that Police Officer Fincher with the Las Vegas

20  Metropolitan Police Department had accused Plaintiff of "embellishment" and refused to accept her

21  written statement that detailed how her roommate allegedly assaulted and imprisoned her.

22  Moreover, Plaintiff asserts that Officer Fincher "subjected [her] to cruel and unusual punishment."

23  First, Plaintiff's allegations are substantially similar to those found to be frivolous in other cases.

24  *See e.g., Albanese v. Las Vegas Metro. Police Dep't.,* 2:17-cv-00577-GMN-PAL (Ms. Albanese

25  asserted that LVMPD failed to respond to her call for help or take voluntary statements about her

26  neighbor allegedly stalking her).  Second, Plaintiff's claim for a violation of the 8th Amendment

27  prohibition on cruel and unusual punishment must fail.  The Eighth Amendment is only

28  implemented post conviction, when the injury suffered is "part of the total punishment to which the

4

individual is being subjected for his crime." *Ingraham v. Wright*, 430 U.S. 651, 669 (1977); *Graham v. Connor*, 490 U.S. 386, 398–99, 109 S.Ct. 1865, 1873, 104 L.Ed.2d 443 (1989) (stating that the "Eighth Amendment standard applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Plaintiff's complaint does not assert sufficient facts to establish an 8th Amendment claim because she was not arrested at the time of this alleged incident. Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **denied**.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be **dismissed**.

IT IS FURTHER RECOMMENDED that the Clerk of the Court be instructed to close this case and enter judgment accordingly.

DATED this 20th day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).